[Crim. No. 6734.   In Bank.   Jan. 27, 1961.]

THE PEOPLE, Respondent, v. ALBERT LEROY MALBROUGH et al., Appellants.

Loren Miller, under appointment by the Supreme Court, and Miller, Maddox & Malone for Appellants.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

McCOMB, J.—From judgments of guilty, entered on jury verdicts, reduced on motions for a new trial from robbery in the second degree to grand theft from the person (Pen. Code, § 487, subd. 2), defendants appeal.

*Facts:* Viewing the evidence in the light most favorable to

the People (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778]), the record discloses:

On November 22, 1959, at approximately 8:45 in the evening, Officers Russell and Sakoda were on duty riding in an unmarked police car in the vicinity of Stanford Avenue between Fourth and Fifth Streets in the city of Los Angeles. Seeing defendants struggling with Mr. Olgin, the officers stopped their car. At that time defendant Malbrough was standing behind Mr. Olgin, having his right arm wrapped around Mr. Olgin's neck and his left hand on Mr. Olgin's shirt front.

Defendant Grant was seen running his hand over the front of Mr. Olgin's clothing, and defendant Malbrough was seen to step back and drop or throw Mr. Olgin to the sidewalk. Defendant Grant began running his hands over Mr. Olgin's clothing. Defendant Malbrough reached down and picked Mr. Olgin up, and defendant Grant placed his hands in both of Mr. Olgin's front pockets. Defendant Grant placed his right hand in his own right front pants pocket.

Upon a search of defendant Grant, a wad of seven $1 bills was found in his right front pocket, together with some miscellaneous change. The bills had been crumpled as though they had been forced into the pocket. Mr. Olgin's wallet was found on the street by the foot of defendant Grant at the time of the latter's arrest.

Defendants made false statements to the officers, including the claim they were merely helping Mr. Olgin, at his request, and were taking him down the street to his hotel approximately a block away.

Actually, Mr. Olgin never asked defendants to aid or assist him. He did not live at the hotel down the street but lived some eight miles away. At the time he was attacked by defendants, he was en route to a street car on Seventh Street. He did not give defendants permission to go through his pockets or take his wallet or money.

Defendant Grant, in reply to a question by his counsel as to how Mr. Olgin's wallet got on the sidewalk and whether he knew how it got there, replied: "Well, this officer that was arresting me, he asked, he said, 'Where did you get this wallet?' and I said, 'I got it out of his pocket.' He said, 'Which pocket?' I said, 'The front pocket.'"

Question: *Did the trial judge err in failing to instruct the jury on circumstantial evidence, on his own motion?*

*No.* ▮ It is the general rule that a trial court is not

required to instruct on the rules of law applicable to circumstantial evidence where the alleged circumstantial evidence is incidental to, and corroborative of, direct evidence. (*People* v. *Jerman,* 29 Cal.2d 189, 197 [5] [173 P.2d 805] ; *People* v. *Bernal,* 174 Cal.App.2d 777, 783 [10] [345 P.2d 140] [hearing denied by the Supreme Court] ; *People* v. *Schwab,* 136 Cal. App.2d 280, 289 [9] et seq. [288 P.2d 627] ; *People* v. *Alexander,* 92 Cal.App.2d 230, 235 [6] [206 P.2d 657] [hearing denied by the Supreme Court] ; *cf. People* v. *Gould,* 54 Cal.2d 621, 628 [11] et seq. [7 Cal.Rptr. 273, 354 P.2d 865] ; *People* v. *Roberts,* 167 Cal.App.2d 238, 242 [3] [334 P.2d 164] [hearing denied by the Supreme Court].)

■ Direct evidence is evidence which is applied to the fact to be proved, immediately and directly, and without the aid of any intervening fact or process. (Code Civ. Proc., § 1831; *People* v. *Goldstein,* 139 Cal.App.2d 146, 152 [4] [293 P.2d 495] [hearing denied by the Supreme Court] ; 31 C.J.S. (1942) Evidence, § 2, p. 505.)

■ It is clear that the evidence in the present case was primarily direct evidence. The evidence of guilt given by eyewitnesses to the crime was complete and convincing. Therefore, the above stated rule is applicable, and the court was not required to give, on its own motion, an instruction on circumstantial evidence.

The judgments are affirmed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., White, J., and Dooling, J., concurred.