[Crim. No. 4346. First Dist., Div. Three. Dec. 19, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES J. GOMEZ, Defendant and Appellant.

Benjamin M. Davis for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Eric Collins, Deputy Attorneys General, for Plaintiff and Respondent.

DRAPER, P. J.—A jury found three defendants guilty of robbery (Pen. Code, § 211) in the first degree. The trial court reduced the degree to second, and sentenced Gomez and another to prison. Only Gomez appeals.

The victim, Taylor, testified that: he met appellant, the two codefendants and a fourth man not known to Taylor in a bar; a defendant suggested that they go to his home to play cards; they left in appellant's car, with appellant driving, the unidentified man in the right front seat, and Taylor in the rear seat with a defendant on either side of him; appellant drove into Golden Gate Park; the two defendants in the rear seat struck Taylor; he kicked the rear of the front seat and the windows in seeking to escape; appellant stopped the car; one defendant said to the unidentified occupant of the front seat, "Get his money"; appellant struck Taylor in the face several times while the defendants in the rear seat held him; the unidentified man forcibly took $49 from Taylor's right pants pocket and counted it; a defendant took $40 more from Taylor's left pants pocket, tearing the pocket in doing so; two defendants beat Taylor with a small metal wheel; he was pushed from the car and it drove off.

Appellant admitted that the five entered his car and drove from the bar. He said that Taylor sought to have the car

stopped, and to drive it himself, and began to kick at the front seat, breaking it. He said that he stopped the car, told Taylor to get out, and struck him in the face two or three times. After they reentered the car, appellant told Taylor he wanted him to pay for the damage to the seat, and Taylor gave the unidentified man some money, $20 of which was then handed to appellant.

The sole contention on appeal is that the trial court erred to appellant's prejudice in failing to instruct the jury that it could not find appellant guilty on circumstantial evidence unless the circumstances were not only consistent with the hypothesis of guilt, but inconsistent with any other rational conclusion (CALJIC 27).

It is undisputed that such an instruction must be given when the case against a defendant rests wholly or substantially upon circumstantial evidence (*People* v. *Bender*, 27 Cal.2d 164 [163 P.2d 8]). This rule applies when specific intent is an essential element of the crime charged, and proof of that intent is circumstantial (*People* v. *Yrigoyen*, 45 Cal. 2d 46 [286 P.2d 1]; *People* v. *Zerillo*, 36 Cal.2d 222 [223 P.2d 223]).

The intent to steal is an element of the crime of robbery (*People* v. *Sanchez*, 35 Cal.2d 522, 526 [219 P.2d 9]; 1 Witkin, Cal. Crimes, 407).

Actual intent is wholly subjective, and in a broad sense is shown only by circumstances (see Pen. Code, § 21), at least in the absence of direct admission by the defendant.

Here, however, the dispute does not concern the inferences to be drawn from appellant's acts. If defendants in fact beat Taylor and forcibly took money from his pockets, appellant does not dispute that their intent to deprive him of that money would unequivocally follow. Rather, his entire theory was and is that Taylor's testimony as to these acts misstates the facts. Appellant contends that Taylor voluntarily reached into his own pocket and handed over the money to pay for damage he had caused to appellant's car. Although this view seems to ignore the somewhat less than friendly striking of Taylor admitted by appellant, leaving him on foot on a road in the park, and the $69 of his money which is unaccounted for by appellant's story, it does make clear that appellant denied only the facts, and not the intent which they so clearly evidence.

While there is some circumstantial evidence of the facts

(conflicting statements by appellant to police, the trousers with the torn pocket, Taylor's wounded condition immediately after the events charged) it is but corroborative of the direct evidence of the events as given by Taylor. Thus the instruction on circumstantial evidence was not required to aid the jury in determining what appellant's acts were (*People* v. *Moore*, 196 Cal.App.2d 91 [16 Cal.Rptr. 294]). Since there was no issue as to the intent manifested by the acts which did occur, the jury would not be aided in determining that intent by an instruction on circumstantial evidence (see *People* v. *Malbrough*, 55 Cal.2d 249 [10 Cal.Rptr. 632, 359 P.2d 30]), and no prejudice is shown.

Appeal from order denying new trial dismissed. Judgment affirmed.

Salsman, J., and Devine, J., concurred.