[Crim. No. 5792. First Dist., Div. One. Jan. 15, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. EDWARD GEORGE et al., Defendants and Appellants.

Gregory S. Stout for Defendants and Appellants.

Thomas C. Lynch, Attorney General, Jerome C. Utz and Gloria F. DeHart, Deputy Attorneys General, for Plaintiff and Respondent.

ELKINGTON, J.—Defendants Edward George and T. S. Dameron were convicted after a trial by jury of (count one) conspiracy "to cheat and defraud persons of property by criminal means and to obtain money and property by false pretenses and to obtain money and property by false promises with fraudulent intent not to perform such promises," in violation of Penal Code, section 182, subdivision 4, (count two) conspiracy "to obtain buyers' signatures to retail installment contracts containing a provision whereby the buyer agrees to the payment of 25 percent of the contract price of buyer if

buyer shall exercise his right to rescind or avoid the contract" (contrary to the Unruh Act[1]) in violation of Penal Code section 182 subdivision 1, and (count three) conspiracy to commit the crime of forgery. Defendant George alone was convicted of (count 10) conspiracy "to file false and forged instruments[2] with the Recorder of Contra Costa County," a violation of Penal Code section 182, subdivision 1. Each defendant was granted probation and each appeals from the order granting probation.[3]

The prosecution's proof consisted mainly of direct evidence, the testimony of the alleged victims as to the acts and statements of defendants and their employees. No contention is made that there was not substantial evidence in support of the verdicts. The claims of error relate solely to the court's instructions to the jury.

There has been no compliance by defendants with Rules on Appeal 15 and 37 relating to topic headings and subheadings covering the points of error urged. We state their contentions as we reconstruct them from the body of their briefs.

CONTENTION: *The trial court erred in not instructing as to willfulness.*

Defendants seem to contend that it was error (1) not to instruct that certain Unruh Act violations charged as overt acts in counts one and two must be done "willfully," (2) not to instruct on "willfully" as to each of the four counts of conspiracy, and (3) not to define "willfully" in substantially the language of CALJIC 75.[4]

We shall first discuss this contention as it relates to the overt acts of counts one and two.

---

[1]The Unruh Act forbids certain practices in retail installment sales. It is found in the Civil Code sections 1801-1812.10. Statutory references, unless otherwise stated, are to the Unruh Act.

Section 1804.1 provides: "No contract or obligation shall contain any provision by which: . . . (h) the buyer agrees to the payment of any charge by reason of the exercise of his right to rescind or void the contract."

Section 1812.6 provides: "Any person who shall willfully violate any provision of this chapter shall be guilty of a misdemeanor."

[2]Penal Code section 115 provides that the filing of a false or forged instrument for record in any public office is a felony.

[3]The appeals were taken from "the judgment." Under Penal Code section 1237 we treat them as appeals from the orders granting probation.

[4]CALJIC (California Jury Instructions., Criminal (rev. ed.)) No. 75 reads: "The word 'wilfully,' when applied to the intent with which an act is done or omitted and as used in my instructions, implies simply a purpose or willingness to commit the act or to make the omission in question. The word does not require in its meaning any intent to violate law, or to injure another, or to acquire any advantage."

■ In a conspiracy, the agreement to commit an unlawful act is not criminal until an overt act is committed, but when this happens and the association becomes an active force, it is the *agreement*, not the *overt act*, which is punishable. *Hence the overt act need not amount to a criminal attempt and it need not be criminal in itself*. (See *People* v. *Corica*, 55 Cal. App.2d 130, 134 [130 P.2d 164]; 1 Witkin, Cal. Crimes (1963) § 119, pp. 111-112.) ■ Here, as to each count, the jury was properly instructed that there must be a specific intent to commit the criminal act or acts which were alleged to be the object of each conspiracy and that at least one of each conspiracy's alleged overt acts must be proved. They were also instructed that the overt acts must be done pursuant to the conspiracy and to carry out its objects. It would have been improper to instruct, directly or impliedly, that such overt acts themselves must contain all of the elements, or any particular element, of a crime.

■ Defendants' contention that the court's failure to instruct on "willfully" in connection with the four conspiracies on which guilt was found is also without merit. As previously stated the jury was told there could be no conspiracy conviction unless they found a specific intent to do the act which was the object of the conspiracy. Although the object of count two charging a conspiracy to violate the Unruh Act is not criminal unless done willfully (§ 1812.6) the court's instructions on specific intent necessarily implied willfulness or "a purpose or willingness to commit the act or to make the omission in question." (See fn. 4, *ante*.) Instruction to the effect that there must be a *specific intent* to *willfully* do the things which constitute a violation of the act would be redundant, and probably error. See *People* v. *Geibel*, 93 Cal.App.2d 147, 177 [208 P.2d 743], where in a forgery case it was held error because of probable confusion, to combine "specific intent" instructions with instructions on "willfully" as here demanded by defendants. (See also *People* v. *Warren*, 175 Cal.App.2d 233, 239 [346 P.2d 64].) Willfulness is not an element of the crimes or acts which were the stated objects of the conspiracies of counts one, three and ten, and it manifestly would have been improper for the court to tell the jury that it was.

CONTENTION: *The trial court committed prejudicial error in its circumstantial evidence instructions*.

■ The trial court did not instruct the jury in the lan-

guage of CALJIC Nos. 27 and 28 relating to circumstantial evidence.[5] Defendants assert this to be prejudicial error.

It has been repeatedly held that such instructions on circumstantial evidence need not be given when the People's case rests chiefly on direct evidence. (*People* v. *Price*, 63 Cal. 2d 370, 375 [46 Cal.Rptr. 775, 406 P.2d 55] ; *People* v. *Malbrough*, 55 Cal.2d 249, 250 [10 Cal.Rptr. 632, 359 P.2d 30].) *People* v. *Yrigoyen*, 45 Cal.2d 46 [286 P.2d 1] and *People* v. *Watson*, 46 Cal.2d 818 [299 P.2d 243], cited by defendants, do not support their contention of error. *Yrigoyen, supra,* at page 50, recognizes the rule that such instructions ''need not be given, even upon request, where circumstantial evidence is only incidental or corroborative.'' *Watson, supra,* at page 831, recognizes and states the same rule.

Assuming *arguendo* that such instructions should have been given we do not believe such failure was prejudicial, or that such omission resulted in a miscarriage of justice. The jury was fully instructed as to reasonable doubt in the language of Penal Code, section 1096. In addition it was given the following instructions:

''The law raises no presumption whatever against the defendant, but on the contrary every presumption of the law is in favor of his innocence; and in order to convict him of the crime alleged in the indictment, every material fact necessary to constitute such crime must be proved beyond a reasonable doubt; and if you entertain any reasonable doubt upon any single fact or element necessary to constitute the crime, it is your duty to give the defendant the benefit of such doubt, and acquit him. . . .

''If the evidence in this case is susceptible of two constructions or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the defendant and the other to his innocence, it is your duty, under the law, to adopt that interpretation which will admit of the

---

[5](CALJIC No. 27): ''I instruct you further that you are not permitted, on circumstantial evidence alone, or when the case of the People rests substantially on circumstantial evidence to find the defendant guilty of the [any] crime charged against him unless the proved circumstances not only are consistent with the hypothesis that the defendant is guilty of the crime, but are irreconcilable with any other rational conclusion.''

(CALJIC No. 28): ''When the case which has been made out by the People against a defendant rests entirely or chiefly on circumstantial evidence, and in any case before the jury may find a defendant guilty basing its finding solely on such evidence, each fact which is essential to complete a chain of circumstances that will establish the defendant's guilt must be proved beyond a reasonable doubt.''

defendant's innocence, and reject that which points to his guilt. You will notice that this rule applies only when both of the two possible opposing conclusions appear to you to be reasonable. If, on the other hand, one of the possible conclusions should appear to you to be reasonable and the other to be unreasonable, it would be your duty to adhere to the reasonable deduction and to reject the unreasonable, bearing in mind, however, that even if the reasonable deduction points to defendant's guilt, the entire proof must carry the convincing force required by law to support a verdict of guilt.''

CONTENTION: *The court erred in failing to instruct on the curative provisions of the Unruh Act.*

■ Section 1812.8 provides, for the purpose of certain civil penalties, that a violation of the Unruh Act may be corrected within 30 days. It then states ''that a willful violation may not be corrected.'' This ''correction'' provision clearly does not apply to conspiracies to violate the act, for such conspiracies require a specific intent (which includes willfulness) to violate the act. Nor is the curative provision relevant to a conspiracy's overt act for, as previously stated, it is immaterial whether such act be criminal.

CONTENTION: *The court erred in failing to instruct as to the relation between Civil Code section 1804.1, subdivision (h) and Civil Code sections 1670, 1671.*

■ Section 1804.1, subdivision (h), enacted in 1963, provides: ''No contract or obligation shall contain any provision by which: . . . (h) The buyer agrees to the payment of any charge by reason of the exercise of his right to rescind or void the contract.''

Civil Code section 1670 reads: ''Every contract by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section.'' The next section, Civil Code section 1671, provides: ''The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage.'' These statutes were enacted in 1872.

Section 1804.1, subdivision (h), is the later enactment. It relates solely to ''Retail Installment Sales.''[6] By its enact-

---

[6]See chapter heading; chapter 1, division 3, part 4, title 2, Civil Code.

so-called liquidated damage clause in retail installment sales contracts because of their frequent abuse in a buyer-seller relationship of completely unequal bargaining power. In such a situation the limited and specific provisions of section 1804.1, subdivision (h), supersede the older general statutory provisions. *County of Placer* v. *Aetna Cas. etc. Co.,* 50 Cal.2d 182, 189 [323 P.2d 753], states: "Where the terms of a later specific statute apply to a situation covered by an earlier general one, the later specific statute controls." (See also *Warne* v. *Harkness,* 60 Cal.2d 579, 588 [35 Cal.Rptr. 601, 387 P.2d 377]; *Simpson* v. *Cranston,* 56 Cal.2d 63, 69 [13 Cal. Rptr. 668, 362 P.2d 492].)

As Civil Code sections 1670, 1671 were irrelevant to the issues before the jury, any reference to them in the instructions could serve only to confuse and mislead.

It should be noted that none of the instructions, the non-giving of which is now criticized as error, were requested by defendants at the trial. The judge is required to instruct on general principles which are necessary to the jury's understanding of the case; he need not instruct, without request, on specific points or special theories which might be applicable to a particular case. (*People* v. *Wade,* 53 Cal.2d 322, 334 [1 Cal.Rptr. 683, 348 P.2d 116].)

We see no error. The guilt of the defendants seems clear. If there be error, we are of the opinion from an examination of the entire cause including the evidence, that it is not reasonably probable that a result more favorable to defendants would have been reached in the absence of such error. (*People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243].)

The orders granting probation are affirmed.

Molinari, P. J., and Sims, J., concurred.

The petition of appellant George for a hearing by the Supreme Court was denied March 13, 1968.