[Civ. No. 40812. Second Dist., Div. Two. June 25, 1973.]

GLADYS McGRIFF, Plaintiff and Respondent, v.
COUNTY OF LOS ANGELES et al., Defendants and Appellants.

## COUNSEL

John D. Maharg and John H. Larson, County Counsel, Jerome A. Johnson, Chief Deputy County Counsel, John Arthur Boyd and Martin E. Weeks, Deputy County Counsel, for Defendants and Appellants.

Lemaire & Faunce and Edward L. Faunce for Plaintiff and Respondent.

## OPINION

**ROTH, P. J.**—In an uncontested proceeding, the Civil Service Commission of the County of Los Angeles terminated the employment of Gladys McGriff, who held a position in the county civil service as a business machine operator in the accounting department of the department of public social services. On October 15, 1969, she was released due to her medical incapacity, pursuant to rule 10.07(c) of the County of Los Angeles Civil Service Commission.[1]

"Whenever, upon re-evaluation, an employee who has previously qualified is found to be unable to perform the duties of his position satisfactorily, due to a medical incapacity of a continuing nature . . . (c) If there is no suitable position in which the employee can perform satisfactorily, the appointing authority may release the employee, subject to the applicable provisions of Rule 19, said release to be without prejudice as to reemployment should his condition improve."

Respondent then applied to the Board of Retirement of the Los Angeles

---

[1]The Rules of the Civil Service Commission of the County of Los Angeles were prescribed and adopted by the commission under authority of section 7½ of article XI (the provisions of which are now contained in § 4 of art. XI) of the California Constitution and under the authority of article IX, section 34 of the Los Angeles County Charter.

County Employees Retirement Association (Retirement Board) for a disability retirement pursuant to section 31720 et seq. of the Government Code.[2] After a fully contested hearing, the Retirement Board denied respondent's application on the grounds that she was not permanently disabled from performing the duties of her position.

At respondent's request, the Retirement Board notified the department of public social services of its decision and of the provisions of section 31725. This code section provides as follows: "Permanent incapacity for the performance of duty shall in all cases be determined by the [retirement] board. If the medical examination and other available information do not show to the satisfaction of the board that the member is incapacitated physically or mentally for the performance of his duties in the service and the member's application is denied on this ground the board shall give notice of such denial to the employer. The employer may obtain judicial review of such action of the board by filing a petition for a writ of mandate in accordance with the Code of Civil Procedure [1085] or by joining or intervening in such action filed by the member within 30 days of the mailing of such notice. If such petition is not filed or the court enters judgment denying the writ, whether on the petition of the employer or the member, and the employer has dismissed the member for disability the employer shall reinstate the member to his employment effective as of the day following the effective date of the dismissal."

After receiving such notification from the Retirement Board, the department of social services informed respondent by letter as follows: "We wish to inform you that we have requested advice from the County Counsel of the County of Los Angeles concerning our Department's legal responsibility to reinstate you to your former position of employment pursuant to Section 31725. . . . The County Counsel's Office has advised us that their office entertains grave doubts that the said section is applicable to the County Civil Service System in view of Article 9 of the County Charter. Because of these doubts, we are advised that our Department is not legally required to reinstate you to your former position with this Department pursuant to said Section 31725.

"After reviewing your previous work record with the County of Los Angeles, we have decided not to reinstate you to your former position with our Department and within the Civil Service System of the County of Los Angeles."

Respondent petitioned for a peremptory writ of mandate to order ap-

---

[2]Unless otherwise noted all section references are to the Government Code.

pellant to reinstate her to her former position as of October 16, 1969. The trial court made the following finding and conclusions in relevant part:

"Findings of Fact

"2. The 1937 County Employees Retirement Act . . . Section 31,450 et seq. has been lawfully adopted by the Board of Supervisors, thereby making the Employees Retirement Act a part of the law governing the terms and conditions of petitioner's [respondent's] employment. . . .

"Conclusions of Law

"1. . . . Section 31,725 does not interfere with the civil service system of the County of Los Angeles in that it is part of a specific legislative enactment dealing with employees' retirements and more specifically, in this case, disability retirements, and, therefore, being the more specific, it controls over any general statements found in the County Charter or Civil Service rules governing appointment and removal from office.

"2. . . . Section 31,725 . . . required the respondent appointing power herein either to seek a writ of mandamus against the Retirement Board within 30 days of its decision, finding petitioner not to be disabled, or the respondent appointing power must reinstate the petitioner.

". . . . . . . . . . . . . . . . . . .

"4. The petitioner is entitled to reinstatement as of October 15, 1969. . . ."

This appeal is from the judgment granting the peremptory writ of mandate.

Appellant argues that the last sentence of section 31725 . . . requiring the county to reinstate respondent after the Retirement Board found her not to be physically incapacitated, is inconsistent with and superseded by the civil service rules of the county, which provide for the release of an employee with a medical incapacity without prejudice as to reemployment when his condition improves. We reject this contention.

Section 31725 . . . based upon chapter 677 section 130 of the Statutes of 1937, as amended by chapter 1016, section 1 of the Statutes of 1970, is included in and is part of the County Employees Retirement Law of 1937, chapter 677, Statutes of 1937, enacted as a general law effective August 27, 1937. The Retirement Law of 1937 is included in title 3, division 4, part 3, chapter 3 of the Government Code section 31450 et seq.

The purpose of the act, as stated by section 31451 of the code, is to "recognize a public obligation to county and district employees who

become incapacitated by age or long service in public employment and its accompanying physical disabilities by making provision for retirement compensation and death benefit as additional elements of compensation for future services and to provide a means by which public employees who become incapacitated may be replaced by more capable employees to the betterment of the public service without prejudice and without inflicting a hardship upon the employees removed."

Section 31500 of said Chapter 3 provides as follows:

"A retirement system is established in any county for eligible officers and employees by the adoption of an ordinance, accepting this chapter by:

". . . . . . . . . . . . . . . . . .

"(b) A four-fifths vote of the board of supervisors."

Pursuant to section 31500 of the Retirement Act, the Board of Supervisors of Los Angeles County on October 19, 1937, by a unanimous vote, adopted ordinance number 3008 (New Series) and thereby made effective in Los Angeles County the provisions of the act. (*Wilson* v. *Board of Retirement,* 156 Cal.App.2d 195, 203-205, 210 [319 P.2d 426].) The ordinance was made legally effective and operative by the Validating Act of 1939, chapter 593, Statutes of 1939. (*Wilson, supra,* p. 205.)

The 1937 ordinance adopted by the Los Angeles County Board of Supervisors by its terms provides: "An ordinance accepting and by reference adopting the provisions of an Act of the legislature . . . [and] . . . does hereby by reference adopt and incorporate all and every one of the provisions of said [Retirement] Act of the Legislature as a part of and applicable to, and make all and everyone of said provisions a part of and applicable to, the system and schedules of compensation of all officers and other persons employed by said County whose compensation is fixed by the Board of Supervisors of said County and whose compensation is paid by said County, and all employees and officers of the County of Los Angeles now or hereafter established by ordinance of this Board of Supervisors, who are or may hereafter be eligible to the benefits of any retirement system under the provisions of said Act."

It is clear that the entire Retirement Law of 1937, including section 31725 is an established part of the local law of Los Angeles County relating to compensation of county employees who become incapacitated.

Section 31725 was amended, effective November 23, 1970, to provide that if the Retirement Board determines a dismissed employee is not incapacitated and denies his application for benefits, the employer may

obtain judicial review of the board's action. If the employer does not do so or if the court upholds the board, the section specifically provides that the employer shall reinstate the employee to his job.

The department of public social services did not seek a judicial review.

Appellant relies on rule 10.07(c) of the County of Los Angeles Civil Services Rules, effective July 13, 1967, and argues that it is inconsistent with section 31725. This rule provides that the employer may release an incapacitated employee without prejudice as to reemployment should his condition improve and does not specifically require the employer to rehire the employee if the Retirement Board determines he is not incapacitated.

It is well established that "Where the terms of a later specific statute apply to a situation covered by an earlier general one, the later specific statute controls." (*County of Placer* v. *Aetna Cas. etc. Co.,* 50 Cal.2d 182, 189 [323 P.2d 753]; see also *Simpson* v. *Cranston,* 56 Cal.2d 63, 69 [13 Cal.Rptr. 668, 362 P.2d 492]; *People* v. *George,* 257 Cal.App.2d 805, 811 [65 Cal.Rptr. 368].) ■ Accordingly, the later specific provisions of section 31725 concerning reinstatement of respondent are controlling rather than those of the earlier general provisions of rule 10.07(c).

Such a holding effectively implements the intent of the Legislature. According to the Report of the Assembly Committee on Public Employment and Retirement contained in volume 1 Appendix to Journal of the Assembly (Reg. Sess. 1970) pages 11-13, the purpose of amending the Retirement Act was to eliminate severe financial consequences to an employee resulting from inconsistent decisions between an employer and the Retirement Board as to whether a particular employee is incapacitated and unable to perform the duties of his position. Prior to the 1970 amendment of section 31725, a local government employer could release an employee under rule 10.07(c) and the Retirement Board could deny the employee a disability pension on the ground he was not disabled. The Assembly committee found that, "As a result of such disputes, approximately one percent of the applicants for a disability retirement pension have found themselves in the position of having neither a job, nor a retirement income."

The committee concluded "Thus, to remedy this problem, which . . . is virtually a matter of life and death for the very few individuals involved each year, the Public Employees' Retirement System should be given authority . . . to mandate reinstatement of an individual—upon a finding of a lack of disability—but that the employing agency have the right of appeal to the courts."

The committee continued: "Such a method provides a system which

involves only two administrative or judicial proceedings instead of three," since the employee does not have to sue in court on a writ to secure an order to reemploy or an order to pay the disability allowance.

"This method, carried to the final appeal, would have financial consequences for both the [Public Employees Retirement System] and the employing agency. As a result, serious attempts would likely be made between the agencies to resolve the disagreement prior to initiating the full process."

The cases relied upon by appellant for the proposition that local charter provisions supersede inconsistent state laws such as section 31725 are inapplicable. (*Pearson* v. *County of Los Angeles,* 49 Cal.2d 523 [319 P.2d 624]; *Scheafer* v. *Herman,* 172 Cal. 338 [155 P. 1084]; *Curphey* v. *Superior Court,* 169 Cal.App.2d 261 [337 P.2d 169]; *Gibson* v. *Civil Service Commission,* 27 Cal.App. 396 [150 P. 78].) In those cases, unlike in the case at bench, the general state law was not adopted by the county authorities.

The judgment is affirmed.

Fleming, J., and Compton, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 22, 1973.