[Crim. No. 34217. Second Dist., Div. Five. Sept. 28, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
ALFRED LEE BALDWIN, Defendant and Appellant.

**COUNSEL**

Robert J. Wade, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Juliet H. Swoboda and Robert S. Henry, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STEPHENS, Acting P. J.**—Defendant appeals from his conviction under Penal Code section 211 (robbery) with the use of a firearm within the meaning of Penal Code sections 12022.5 and 1203.06, subdivision (a)(1).

### STATEMENT OF FACTS

At trial, testimony by prosecution witness tended to show the following facts: At 12:45 a.m. on November 25, 1977, defendant drove into a gas station at Vermont and Imperial in Los Angeles. After putting $10 worth of gasoline into his automobile, he approached the cigarette booth and asked for a carton of cigarettes. The attendant, a larger man than the

defendant, turned his back to get the cigarettes, and when he turned around, he found the defendant pointing a gun at him. The attendant could not recall at trial in which hand the defendant held the gun. The defendant demanded money. The attendant reached into his pocket, pulled out a number of folded bills, about $60 to $75, and handed them to defendant. Defendant then told the attendant to put the cigarettes in his car. At the same time, a customer requested that a pump about 10 to 15 feet away from the booth be turned on, and defendant ordered the attendant to turn on the pump and return. The attendant turned on the pump. As he returned to the defendant, he noticed that the defendant's gun was not in sight. The attendant drew his own weapon, demanded the defendant's gun, which defendant threw on the trunk of his car, and asked for the money back. The attendant then walked the defendant to the station's telephone booth and called the police. When the police came, they took charge of the defendant, of a small caliber revolver, and of one spent and four live rounds of ammunition. The cigarettes were returned to the attendant. Defendant had a cast on his left wrist.

At the trial, defendant's defense was a different version of the events. He claimed that he had the gun in his pocket because he was returning it to his girl friend. He had previously taken the gun to a friend's home after he and his girl friend had quarreled. The gun was on top of his money in his right pocket, and when he started to pay for the gas, he removed the gun and placed it in his hand with the cast. The station attendant became nervous on seeing the gun and offered to give the defendant money. The defendant threw his gun on the trunk of his car to reassure the attendant. When the defendant looked back at the attendant, the attendant had pulled a gun on him. He went with the attendant while the police were called and waited patiently for the police to come. He also said that he had purchased the cigarettes earlier in the evening and that the station did not sell cigarettes.

As a defense witness, the defendant called a former employee of the station. This witness testified that toward the end of his employment, three months before the robbery, the cash the night attendant kept was reduced to $10 and the station had ceased selling cigarettes. The prosecution objected to further testimony on when the station stopped selling cigarettes as being too remote. The objection was sustained. This former employee also testified that he had not been back to the station near the time of the robbery nor had he talked to the owner or any employees about the station's policies about the time of the robbery.

On rebuttal, the gas station attendant testified that when he began working for the station, two months before the robbery the station was not selling cigarettes but that it had begun selling cigarettes because of a decrease in business.

The trial was by jury. After the jury had been instructed and retired to deliberate, the judge indicated that he had not given CALJIC No. 2.01 on circumstantial evidence. Defense counsel had requested this instruction. After the verdict was rendered, the defendant made a motion for a new trial on the ground that the facts did not support the verdict. The motion was denied.

Defendant bases this appeal on four grounds: (1) the trial court prejudicially sustained the prosecution's objection to the former employee's testimony; (2) the trial court erred in refusing to instruct the jury as requested; (3) the motion for a new trial was improperly denied; and (4) the substantial evidence rule as applied by California Courts of Appeal in criminal cases is unconstitutional.

## DISCUSSION

*The objection to the defense witness' testimony*
*was properly sustained*

■ Defendant contends that the former employee, Mr. Prear, should have been allowed to testify further about when the gas station stopped selling cigarettes. His argument is that this testimony was not remote because it reflects on the credibility of the victim and involves a relatively short period of time. In order for the testimony to reflect on the victim's credibility, the trier must first draw the inference that because cigarettes were not sold at the station at the end of Mr. Prear's employment in August, they were not sold there the night of the robbery in November, a period of three months. Whether or not cigarettes were being sold three months prior to the robbery has little to do with whether or not they were available the night of the robbery. Drawing such an inference is speculation. This conclusion is reinforced by Mr. Prear's own testimony on cross-examination. He testified that he had neither talked to the owner nor any employees at the station about the policies at the station as of the date of the robbery nor had he been back to the station himself near the date of the robbery.

Furthermore, Mr. Prear's testimony did not create any conflict in the evidence which could reflect on the victim's credibility. The station attendant testified on rebuttal that when he first began working at the station cigarettes were not sold but that they were restocked in order to rebuild the business that had declined without them. This testimony emphasizes the remoteness of the former employee's testimony. The objection was properly sustained.

### CALJIC instruction No. 2.01 was properly refused

█ Defendant contends that the trial court erred in refusing to instruct the jury with CALJIC (3d ed. 1976 pocket pt.) instruction No. 2.01.[1] This instruction need not be given where the prosecution does not rely substantially on circumstantial evidence (*People* v. *Wiley* (1976) 18 Cal.3d 162, 174-175 [133 Cal.Rptr. 135, 554 P.2d 881]). It is not necessary where circumstantial evidence is only incidental or corroborative (*People* v. *Malbrough* (1961) 55 Cal.2d 249, 250-251 [10 Cal.Rptr. 632, 359 P.2d 30]; *People* v. *Thomas* (1979) 87 Cal.App.3d 1014, 1019 [151 Cal.Rptr. 483]). The Evidence Code section 410 defines "direct evidence" as that which "directly proves a fact, without an inference or presumption, and which in itself, if true, conclusively establishes that fact." The prosecution's case against defendant was based primarily on the testimony of the victim of the robbery. Such eyewitness testimony is direct evidence. Therefore, CALJIC instruction No. 2.01 would have been inappropriate and was properly refused.

### The motion for a new trial was properly denied

█ Defendant further contends that the trial court erred in not granting his motion for a new trial on the basis that the facts do not support a verdict of guilty. A motion for a new trial because there is no substantial evidence of guilt is "addressed to the sound discretion of the

---

[1]The instruction at the time of the trial read: "You are not permitted to find the defendant guilty of [the] [any] crime charged against him based on circumstantial evidence unless the proved circumstances are not only consistent with the theory that the defendant is guilty of the crime, but cannot be reconciled with any other rational conclusion. Each fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt must be proved beyond a reasonable doubt.

"Also, if the circumstantial evidence [as to any particular count] is susceptible of two reasonable interpretations, one of which points to the defendant's guilt and the other to his innocence, it is your duty to adopt that interpretation which points to the defendant's innocence, and reject that interpretation which points to his guilt. If, on the other hand, one interpretation of such evidence appears to you to be reasonable and the other interpretation to be unreasonable, it would be your duty to accept the reasonable interpretation and to reject the unreasonable."

trial judge who was required to independently weigh the evidence [citation] whose decision will not be disturbed in the absence of showing of abuse of discretion [citation]. . . ." *People* v. *Marchialette* (1975) 45 Cal.App.3d 974, 983 [119 Cal.Rptr. 816].) Defendant recognizes in his brief that a judgment supported by the testimony of a witness who has not been discredited and whose testimony is not inherently improbable will be affirmed. (*People* v. *Johnson* (1960) 187 Cal.App.2d 116, 121-122 [9 Cal.Rptr. 571].) His claim that the victim's testimony was improbable because of the relative size of the two men and the victim's description of the defendant's actions is groundless. This was an armed robbery—an armed robber is not likely to worry about choosing only smaller victims or keeping them immediately at his side, and he may well believe that the victim's knowledge of the presence of a gun, even though out of sight, is enough to keep the victim under his control. As the court said in *People* v. *Johnson, supra,* page 122, "[t]estimony is not inherently improbable unless it appears that what was related or described could not have occurred. [Citations.] 'To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions. [Citations.]' " Nothing in the victim's story is inherently improbable or physically impossible. The inconsistencies between the defendant's and the victim's testimonies are not sufficient to overturn a guilty verdict. The court in *People* v. *Johnson, supra,* page 122, said, "Defendant's denial did no more than create a conflict in the evidence that the trial court had the duty to resolve [citations] and did so, against defendant." That is what occurred in this case. The motion was properly denied.

*Jackson* v. *Virginia* (1979) 443 U.S. 307 [61 L.Ed.2d 560, 99 S.Ct. 2781], does not change the substantial evidence rule in California. The court held that in reviewing a sufficiency of evidence claim on federal habeas corpus, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*Id.,* at p. 319 [61 L.Ed.2d at p. 573].)

The court in *Jackson* did not state that the reviewing court must reweigh the evidence, as suggested by the dissent in *In re Leonard M.,* 85 Cal.App.3d 887, 892 [149 Cal.Rptr. 791], vacated and remanded for reconsideration in light of *Jackson,* 443 U.S. 914 [61 L.Ed.2d 878, 99 S.Ct. 3105]. The high court stated that its standard "does not require a [reviewing] court to 'ask itself whether *it* believes that the evidence at the

trial established guilt beyond a reasonable doubt.' [Citation.] Instead the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Citation.] This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the fact-finder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution." (*Jackson* v. *Virginia, supra,* 443 U.S. 307, 318-319 [61 L.Ed.2d 560, 573]; italics in original; fns. omitted.)

In sum, the *Jackson* court has adopted the holding of the California Supreme Court in *People* v. *Reyes* (1974) 12 Cal.3d 486, 496 [116 Cal.Rptr. 217, 526 P.2d 225]: "In reviewing a criminal conviction, an 'appellate court must determine whether a reasonable trier of fact could have found the prosecution sustained its burden of proving the defendant guilty beyond a reasonable doubt.' "

In reviewing defendant's conviction under the specific facts of this case, however, we must reject that the judgment cannot stand. A review of all of the evidence in the light most favorable to the prosecution convinces us that a rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt.

The judgment is affirmed.

Ashby, J., and Hastings, J., concurred.

A petition for a rehearing was denied October 15, 1979, and the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied November 21, 1979. Bird, C. J., was of the opinion that the petition should be granted.