Filed 11/4/13  P. v. Longacre CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

THE PEOPLE,

      Plaintiff and Respondent,

      v.

DARRELL RYAN LONGACRE,

      Defendant and Appellant.

C068477

(Super. Ct. No. 10F3692)

Defendant Darrell Ryan Longacre appeals from a conviction for petty theft with a prior theft-related conviction.  He now contends the trial court committed prejudicial error by failing in its sua sponte duty to instruct the jury with CALCRIM No. 224 [use of circumstantial evidence to find guilt], because the prosecution substantially relied on circumstantial evidence to establish that he committed petty theft.

Finding no prejudice, we will affirm the judgment.

1

BACKGROUND

While on duty as manager of an Auto Zone store, Benjamin Carter observed a man enter his store, pick up some mufflers that were on a shelf, "fumbl[e] about" with his baggy sweatpants, and walk around the back of the store. Although Carter told the 9-1-1 operator that he saw the man put a chrome exhaust tip in his pants, at trial Carter testified that he saw the man fumbling with the mufflers and then with his pants. Carter did not testify that he saw the man put something in his pants.

Carter approached the man and asked if he needed any help. The man responded that he did not need help. Carter said the man then "bolted for the door." But Carter also said the man remained in the store for about 10 minutes before he left.

Carter suspected the man had taken something from the store because he "bolted for the door" when Carter asked him a question and because Carter saw a bulge in the man's sweatpants. The bulge extended from the man's waist to about his knee.

Carter followed the man outside. He took note of the man's car and wrote down the car's license plate number. He returned inside the store and called 9-1-1. Carter gave the 9-1-1 operator the license plate number of the car and a detailed physical description of the man.

Carter later found an empty Flowmaster brand muffler box in his store. According to Carter, the box should not have been empty.

City of Redding Police Officers Justin Duval and Nicholas Weaver were dispatched to the residence of defendant's girlfriend Whitney Cole in response to a theft report. Defendant lived with Cole. The officers arrived at the residence 13 minutes after Carter's 9-1-1 call.

Officer Weaver saw a car at defendant's residence which he believed matched the description of the suspect vehicle. Carter reported that defendant left the store in an early- or mid-1990s dark gray, two-door Nissan with the words "O-snap" spray painted on the side. The car Officer Weaver saw was a 1991 grey two-door Ford Probe.

2

Although Cole was the registered owner of the Ford Probe, defendant was its primary driver. Cole told Officer Weaver defendant wore sweatpants that day.

The officers also saw a black, apparently new Flowmaster brand muffler on a picnic bench next to the front door of defendant's apartment. Cole did not notice the muffler before the officers arrived. She did not know why the muffler was on her front porch.

Carter identified the muffler found near defendant's apartment as a muffler taken from his store. The muffler was consistent with the type of muffler that would have been in the empty box Carter found in his store. Police returned the muffler to Carter. At the time of trial Carter did not know the location of the muffler, but he identified People's exhibit 4-A as a Flowmaster brand muffler that looked like the muffler recovered by the police. Officer Duval also said People's exhibit 4-A resembled the muffler he saw near defendant's apartment.

In an initial photographic lineup, Carter did not identify defendant as the man he saw in his store. But he identified defendant in a second lineup, which used a more recent photograph of defendant. At trial, Carter again identified defendant as the man he saw in his store.

Defendant argued to the jury that the muffler found near his home in April 2010 belonged to him and was not taken from the Auto Zone store. Cole testified that defendant worked on cars and it was not unusual to have car parts at her home. In addition, defense witnesses testified that defendant left a liquidation sale in February or March 2010 with a box containing a black muffler and that in February or March 2010, someone named Dave delivered car parts to defendant's home.

The jury convicted defendant of petty theft. In a bifurcated proceeding, the trial court found certain enhancement allegations true, dismissed other enhancement allegations, exercised its discretion to dismiss a prior strike conviction, and sentenced defendant to six years in prison. In another case, the trial court sentenced defendant to

3

one year four months for an offense committed while in custody and imposed one year for an enhancement, resulting in an aggregate sentence of eight years four months.

DISCUSSION

Defendant contends the trial court committed prejudicial error by failing in its sua sponte duty to instruct the jury with CALCRIM No. 224, because the prosecution substantially relied on circumstantial evidence to establish that he committed petty theft.

The trial court did not instruct with CALCRIM No. 224. Instead, it instructed with CALCRIM Nos. 223 [general instruction on direct and circumstantial evidence] and 225 [use of circumstantial evidence to find requisite intent or mental state].

The trial court has a sua sponte duty to instruct with CALCRIM No. 224 if the prosecution's case substantially relies on circumstantial evidence to establish any element of the charged offense. (*People v. Heishman* (1988) 45 Cal.3d 147, 167 (*Heishman*); Bench Notes to CALCRIM No. 224 (2011) p. 56.) The trial court is not required to instruct with CALCRIM No. 224 if the prosecution's evidence is direct or the circumstantial evidence is merely incidental to and corroborative of direct evidence. (*Heishman, supra,* 45 Cal.3d at p. 167; *People v. Malbrough* (1961) 55 Cal.2d 249, 250-251; *People v. Shea* (1995) 39 Cal.App.4th 1257, 1271.)

Here, the evidence of defendant's guilt was not direct. No one saw defendant place a muffler in his sweatpants. Rather, defendant's guilt could be inferred from a pattern of incriminating circumstances. As the prosecutor acknowledged, the case against defendant was primarily based on circumstantial evidence. The prosecution laid out its case as follows: Carter saw defendant fumbling with his sweatpants and walk out of the store with a bulge in his pants extending from his waist to his knee; the police saw a car generally matching the description of the suspect vehicle and a Flowmaster brand muffler near defendant's apartment; defendant's girlfriend said defendant wore sweatpants that day; Carter found an empty Flowmaster brand muffler box in his store; and Carter picked out defendant in a photographic lineup.

4

On this record, the trial court was required to instruct with CALCRIM No. 224. (*Heishman, supra,* 45 Cal.3d at p. 167.)

Nonetheless, it does not follow that we must reverse the judgment. The failure to properly instruct on the sufficiency of circumstantial evidence is evaluated under the *People v. Watson* (1956) 46 Cal.2d 818 standard where, as here, the trial court instructed the jury on the People's burden to prove defendant's guilt beyond a reasonable doubt. (*People v. Rogers* (2006) 39 Cal.4th 826, 886; *People v. Bloyd* (1987) 43 Cal.3d 333, 352.) Reversal is not warranted unless an examination of the entire cause shows it is reasonably probable the defendant would have achieved a more favorable result had the error not occurred. (*People v. Watson, supra,* 46 Cal.2d at p. 836.)

No such probability is apparent here. In addition to the circumstantial evidence described above, Carter identified the muffler found near defendant's apartment as a muffler stolen from his store. He said the Flowmaster brand muffler box he found on the shelf should not have been empty and it was "the exact box that [the officer who contacted Carter] described to" Carter. Defendant drove an early 1990s grey two-door car similar to the car Carter described to authorities. And there was no evidence that defendant possessed a new Flowmaster brand muffler prior to the date of the theft at the Auto Zone store. The circumstantial evidence pointed convincingly to defendant's guilt

and was not equally consistent with a reasonable conclusion of defendant's innocence. (*Heishman, supra*, 45 Cal.3d at p. 167.)  Accordingly, reversal is not warranted.

## DISPOSITION

The judgment is affirmed.


                                              MAURO            , J.


We concur:


             HULL            , Acting P. J.


             BUTZ            , J.