[Civ. No. 68950. Second Dist., Div. Four. Nov. 15, 1983.]

EDWARD LEILI, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

**COUNSEL**

Lewis, Marenstein & Kadar and Michael T. Roberts for Plaintiff and Appellant.

De Witt W. Clinton, County Counsel, John H. Larsen, County Counsel, Donald K. Byrne, Chief Deputy County Counsel, and Joe Ben Hudgens, Deputy County Counsel, for Defendant and Respondent.

**OPINION**

**WOODS, P. J.**—Appellant appeals from the denial of his petition for a writ of mandate in the superior court. He sought by that writ an order compelling the County of Los Angeles to provide him with salary benefits from November 1977 to September 1980, pursuant to a Los Angeles County ordinance. We have concluded that the trial court erred in denying appellant's writ petition and therefore reverse the judgment appealed from.

In 1969, appellant began work as a firefighter for the County of Los Angeles. In 1973 and in 1974, he sustained work related back injuries. In 1975, he applied for workers' compensation benefits, which were granted. The workers' compensation judge concluded that appellant had lost approximately one-fourth of his capacity for bending, lifting, etc., and restricted him to "no very heavy work."

In August 1976, appellant received a letter from the county fire department informing him that the work restrictions were incompatible with the arduous duties of his job and that he had, therefore, the following options:

1. He could seek a revision of the work restriction;

2. He could file for service-connected disability retirement; or

3. He could request rehabilitation, which would consist of training for other work.

Appellant was taken off active duty, and in November 1977, he applied for service-connected disability retirement. In November 1978, the County of Los Angeles denied appellant's application, finding he was not disabled. Appellant then sought and was granted a hearing before a retirement board referee. In May 1980, the Los Angeles County Board of Retirement adopted the findings of its referee, that appellant was not disabled, and denied the disability retirement allowance. Appellant did not seek judicial review of that decision. In September 1980, appellant was returned to active duty.

The record reflects that appellant received workers' compensation benefits from November 1976 to October 1977, and sick leave benefits from October 1977 to September 1978. After his return to full employment, he demanded that he be paid his full salary, pursuant to Los Angeles County Salary Ordinance section 245, from November 1977, when workers' compensation benefits terminated, to September 1980, when he returned to work. The denial of that request ultimately resulted in a writ petition to the superior court and this appeal.

In the superior court, appellant argued that the foregoing ordinance authorized the payment of full salary to him during the period he was unable to return to work and was not receiving benefits. Respondent successfully argued before the superior court that the language of the ordinance precludes payment to appellant under the facts of this case. The superior court's determination with respect to the inapplicability of the ordinance is correct. The ordinance provides that if an employee is ordered to absent himself from the job, and it is subsequently determined by a finding of both the department head and the director of personnel that no cause existed for the ordered absence, the employee shall have restored to him any paid leave of absence. Here, no determination was made that the decision to take appellant off active duty was made without cause.

Appellant argues, however, that even if the ordinance is inapplicable, he should be awarded the benefits under the holding of *Roccaforte* v. *City of San Diego* (1979) 89 Cal.App.3d 877 [152 Cal.Rptr. 558]. Respondent argues that *Roccaforte* is distinguishable from the instant case, citing distinctions between city and county government. We need not decide whether *Roccaforte* is binding as we have concluded that the provisions of Government Code section 31725 entitle appellant to the relief sought.

Following the decisions of the county fire department and the county board of retirement, appellant found himself in a powerless position: the

county fire department had determined that he was unable to work because of his work restrictions and the retirement board had determined that he was not entitled to a disability retirement.

The Legislature recognized the unfairness of such a situation when it enacted section 31725 of the Government Code. That section, which is part of the disability retirement article of the county employees retirement act, provides that if an employee, who has been terminated from his employment because of physical incapacity, is later found not to be disabled by the retirement board, he must be reinstated to employment. The Report of the Assembly Committee on Public Employment and Retirement, contained in 1 Appendix to Journal of the Assembly (1970 Reg. Sess.) pages 11-13, explains that the purpose of enacting this section was to eliminate severe financial consequences to an employee resulting from inconsistent decisions between an employer and the retirement board concerning the employee's ability to perform his duties. Prior to the enactment of the statute, a local government employer could release an employee on the grounds of physical incapacity, and the retirement board could then deny the employee a pension on the ground that he was not disabled. The Assembly Committee found: "'As a result of such disputes, approximately one percent of the applicants for a disability retirement pension have found themselves in the position of having neither a job, or a retirement income.' [¶] . . . 'Thus, to remedy this problem, which . . . is virtually a matter of life and death for the very few individuals involved each year, the Public Employees' Retirement System should be given authority . . . to mandate reinstatement of an individual—upon a finding of a lack of disability—but that the employing agency have the right of appeal to the courts.'"

In 1974, the Attorney General reached a similar conclusion with respect to provisions of the Public Employees Retirement System: an employer cannot terminate an employee for medical reasons after the Public Employees Retirement System has denied disability to the employee upon a finding that he is able to perform the duties of his position. (57 Ops.Cal.Atty.Gen. 86 (1974).)

On facts similar to those in the instant case, the court in *McGriff* v. *County of Los Angeles* (1973) 33 Cal.App.3d 394 [109 Cal.Rptr. 186], ordered that an employee be retroactively reinstated. In *McGriff*, an employee of the County of Los Angeles was released due to medical incapacity. She applied to the Board of Retirement of the Los Angeles County Employees Retirement Association for disability retirement. Her application was denied on the ground that she was not permanently disabled from performing the duties of her position. Thereafter, the county refused to reinstate her. A superior court order granting a peremptory writ of mandate entitling her to

reinstatement as of the date of her prior termination, was sustained on appeal. The court concluded that pursuant to Government Code section 31725, the county was obligated, following a determination of no disability, to grant to the employee retroactive reinstatement. The operative language of the section provides that, under such circumstances, ". . . the employer shall reinstate the member to his employment effective as of the day following the effective date of the dismissal."

*McGriff* is legally indistinguishable from the instant case. Therefore, we have concluded that the trial court erred in denying appellant's petition for a writ of mandate. Appellant is entitled to be reinstated to his position with the Los Angeles County Fire Department effective August 11, 1976. Respondent is entitled to credit for all wages and benefits paid to appellant from August 1976 through August 1978.

The judgment is reversed.

Kingsley, J., and Amerian, J., concurred.

A petition for a rehearing was denied November 23, 1983, and respondent's petition for a hearing by the Supreme Court was denied January 18, 1984.