[No. E031606. Fourth Dist., Div. Two. Feb. 13, 2003.]

MICHELE ALVAREZ-GASPARIN, Plaintiff and Appellant, v.
COUNTY OF SAN BERNARDINO, Defendant and Respondent.

## COUNSEL

Law Office of Larry Minsky and Larry Minsky for Plaintiff and Appellant.

Alan K. Marks, County Counsel, and Daniel B. Haueter, Chief Deputy County Counsel, for Defendant and Respondent.

**OPINION**

**GAUT, J.—**

### 1.  *Introduction*

After plaintiff was denied a disability retirement from her employment with the County of San Bernardino (County), she filed a writ petition and a complaint seeking tort damages. In this opinion, we affirm the lower court's judgment in favor of the County. We uphold the lower court's ruling that plaintiff did not prove she was dismissed for disability within the meaning of Government Code section 31725.[1]

### 2.  *Factual and Procedural Background*

Plaintiff began working for the County in 1973. In 1978, she became a station clerk in the sheriff's department. Her duties included typing, filing, data entry, dealing with the public, retrieving information, and searching and escorting female prisoners. Plaintiff suffers from carpal tunnel syndrome and degenerative disease. In 1987, she took medical leave for some months. Between October 1991 and November 1993, she again took medical leave, during which time she filed a workers' compensation claim. In March 1992, the agreed medical examiner in the workers' compensation proceeding diagnosed her condition as permanent and stationary and proposed that she be considered a qualified injured worker and provided vocational rehabilitation. In April 1992, the County's occupational health counselor met with plaintiff and explained two alternatives—modifying her job or investigating other County jobs—before plaintiff could be retrained for other non-County employment.

Plaintiff tried unsuccessfully to return to work for three weeks in November and December 1993. In March 1994, the County sent plaintiff a letter asking if she was interested in rehabilitation services and she responded she was.

In April 1994, plaintiff met with Hagman & Associates, Inc., a private rehabilitation consultant. In a report to the County, Hagman wrote: "Information was provided regarding the requirement of considering modified or alternate employment as a first choice, and that this might be possible with ergonomic modification of her work place. It will be necessary to check with the County of San Bernardino regarding a possible return to employment, as she may have transferrable skills that could be utilized. [¶] . . . [I]t would

---

[1]All further statutory references are to the Government Code.

appear that she would need very light employment requiring little physical strength or activity, and perhaps avoiding repetitive motions that have caused difficulty with her hands and wrists in the past. [¶] Ms. Alvarez did report having attempted modified employment for a three week period, working 3-4 hours per day. This did not work out at that time. These issues will be clarified. . . . If modified or alternate work is not available, vocational exploration should be initiated."

In September 1994, plaintiff applied for a disability retirement. In November 1994, the sheriff's department submitted a report concerning disability retirement in which it stated with respect to ADA[2] accommodations: "We attempted to accommodate Michele in every way possible during her return to work on modified duty in November 1993. However, Michele stated she was unable to sit, stand, walk squat, file or type, without pain. [¶] The essential job functions of a Station Clerk required the ability to perform the minimal tasks that she is medically precluded from doing. Based on these medical restrictions, no accommodation is possible that would allow Michele to perform the essential job functions."

In April 1995, plaintiff's application for disability retirement was denied. In May 1995, the County and plaintiff agreed to a vocational rehabilitation plan for plaintiff as a qualified injured worker, training her to be a paralegal. In 1997, after a hearing before a referee, the Board of the San Bernardino County Employees Retirement Association (Retirement Board) found plaintiff was not disabled. Challenging that finding, plaintiff filed a petition for writ of administrative mandate that was denied by the superior court in 1999. Plaintiff returned to employment with the County as a station clerk in the sheriff's department on September 9, 2000.

In the present writ petition and complaint for damages, plaintiff seeks to recover back wages and benefits for the period from April 1994 until September 2000. (In her appellate brief, she asks for relief from May 16, 1995, until September 8, 2000.) Plaintiff alleges the County failed to comply with the County Employees Retirement Law Act of 1937,[3] specifically sections 31721 and 31725.

### 3. *Discussion*

■ There is little dispute about the foregoing facts, with one significant exception. Plaintiff maintains that she was "dismissed for disability" by the

[2]Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.).
[3]Section 31450 et seq.

County within the meaning of section 31725. Under that circumstance, plaintiff would be entitled to retroactive reinstatement and payment of back wages after an inconsistent finding of no retirement disability.[4]

In contrast, the County asserts that it did not dismiss plaintiff for disability, did not refuse plaintiff a return to service due to disability, and did not refuse to return her to service with an accommodation. Therefore, she is not entitled to retroactive reinstatement.

Section 31725 provides the Retirement Board shall decide whether a member is permanently incapacitated and entitled to a retirement disability. If the board decides a member is not qualified for a retirement disability and if "the employer has dismissed the member for disability the employer shall reinstate the member to his employment effective as of the day following the effective date of the dismissal." In other words, if the County and the Retirement Board make inconsistent decisions about an employee's disability status, the County must reinstate the employment. The County cannot deny an employee both disability retirement and employment.

We first observe it appears questionable whether section 31725 applies in this case because plaintiff continues to be employed by the County. She has not been denied both retirement disability and employment, as she persistently complains. Although plaintiff may have worked irregularly (or for only three weeks) during the nine years between October 1991 and September 2000, the record shows she began working again as a station clerk in September 2000 and was still employed in June 2001. Because plaintiff returned to employment after denial of the retirement disability, section 31725's reinstatement requirement does not apply.[5]

■ Notwithstanding our foregoing preliminary comment, according to the County, section 31725 does not apply because it did not dismiss plaintiff. After the Retirement Board's finding of no disability was upheld, plaintiff simply returned in 2000 to her position. She was not entitled to reinstatement with backpay because she had never been dismissed.

The flaw in plaintiff's position originates in her reliance on the wrong standard of review. Plaintiff asserts that she has established, through undisputed facts which are subject to de novo review, that she was dismissed for disability. Not so.

---

[4]*Phillips v. County of Fresno* (1990) 225 Cal.App.3d 1240, 1252-1257 [277 Cal.Rptr. 531]; *Tapia v. County of San Bernardino* (1994) 29 Cal.App.4th 375, 381-382 [34 Cal.Rptr.2d 431].
   [5]*Hanna v. Los Angeles County Sheriff's Dept.* (2002) 102 Cal.App.4th 887, 891-895 [125 Cal.Rptr.2d 686].

The trial court based its decision on its evaluation of several items of evidence relied upon by plaintiff to show she was dismissed for disability. The trial court determined that plaintiff's evidence was frequently subjective and not credible, persuasive, or probative: "[S]ome of the critical evidence appears to be conversations or mere conclusions not backed up by any documentation."

In particular, the trial court criticized plaintiff's claim that she was dismissed for disability because the County had determined there was no County job for her. Plaintiff's evidence was unsupported statements attributed by her to Robert Kriesel, the County's occupational health counselor, or to the private vocational rehabilitation counselor (who could not, in any event, speak for the County.) Another piece of evidence was the March 1994 letter in which the County asked about plaintiff's interest in rehabilitation either for a County job or a non-County job. As the court observes, the letter does not state there is no County job available for plaintiff. Nor does it dismiss her. Rather it appears to anticipate a different County job as one alternative. The court also declined to interpret the sheriff's department's November 1994 report as a dismissal for disability. The department's report states that plaintiff could not perform her job functions in November 1993, even with medical restrictions. But it does not state plaintiff could not perform any suitable County job or that she was being dismissed for disability.

The proper standard of review requires this court to defer to the trial court's factual findings if substantial evidence supports them.[6] We cannot fault the factual findings. The evidence does not prove what plaintiff would like it to prove. There is simply no showing that plaintiff was dismissed, expressly or impliedly. For that reason, this case differs from the cases relied upon by plaintiff in which the employee is fired,[7] denied any comparable job opportunity with the public employer,[8] or refused reinstatement.[9] In October 1991, plaintiff effectively stopped working for the County and in the intervening nine years, her employment status was admittedly uncertain. But that does not mean she was dismissed for disability and entitled to a remedy under section 31725.

---

[6]*Hiott v. Superior Court* (1993) 16 Cal.App.4th 712, 716-717 [20 Cal.Rptr.2d 157].

[7]*Raygoza v. County of Los Angeles* (1993) 17 Cal.App.4th 1240 [21 Cal.Rptr.2d 896]; *McGriff v. County of Los Angeles* (1973) 33 Cal.App.3d 394 [109 Cal.Rptr. 186].

[8]*Phillips v. County of Fresno, supra,* 225 Cal.App.3d 1240; *Tapia v. County of San Bernardino, supra,* 29 Cal.App.4th 375; *Leili v. County of Los Angeles* (1983) 148 Cal.App.3d 985 [196 Cal.Rptr. 427].

[9]*Hanna v. Los Angeles County Sheriff's Dept., supra,* 102 Cal.App.4th at pages 891-895.

### 4. *Disposition*

We affirm the judgment and order the County to recover its costs on appeal.

Ramirez P. J., and McKinster J., concurred.

A petition for a rehearing was denied March 4, 2003, and appellant's petition for review by the Supreme Court was denied June 11, 2003.