[No. C054145. Third Dist. Feb. 5, 2008.]

ALBERTO HULINGS, Plaintiff and Respondent, v.
STATE DEPARTMENT OF HEALTH CARE SERVICES, Defendant and
Appellant.

**COUNSEL**

Edmund G. Brown, Jr., Attorney General, Jacob A. Appelsmith, Assistant Attorney General, and Vincent J. Scally, Jr., Deputy Attorney General, for Defendant and Appellant.

Kasey Christopher Clark and Lawrence J. Friedman for Plaintiff and Respondent.

Anthony M. Santana for California Association of Highway Patrolmen as Amicus Curiae on behalf of Plaintiff and Respondent.

## OPINION

**MORRISON, J.**—Alberto Hulings had permanent status as a fraud investigator with the State Department of Health Services (reorganized as the State Department of Health Care Services in 2007), a position designated as a peace officer. He laterally transferred to a position as investigator for the Department of Consumer Affairs, also a peace officer designation. He was rejected on probation from the new position and sought mandatory reinstatement to his former position. Three months after being reinstated, Hulings was told he must undergo a new background investigation to retain his peace officer status. Can the department require a new background investigation upon mandatory reinstatement? We conclude the answer is no.

■ The State Department of Health Care Services (DHS) appeals from a judgment granting a writ of mandate requiring DHS to reinstate Hulings as a fraud investigator without requiring him to complete a background investigation. DHS contends Government Code section 19140.5, requiring reinstatement to a former position after rejection on probation, does not require reinstatement to the same duties. DHS further contends it must have discretion to determine whether an employee is fit to perform peace officer duties and to order an employee to submit to a background investigation under Government Code section 1031. Whatever the merit of these contentions, the issue in this case is whether mandatory reinstatement under Government Code section 19140.5 can be conditioned upon completion of a background investigation. We hold it cannot.

## BACKGROUND

The essential facts of this case are undisputed. In December 1994, after completing a background investigation and medical and psychological evaluation, Hulings began employment with DHS as a fraud investigator. Pursuant to Penal Code section 830.3, subdivision (h), fraud investigators for DHS are designated as peace officers.

In December 1995, Hulings successfully completed probation and attained permanent status (Gov. Code, § 18528) under the civil service system.

In March 2005, after completing a background investigation, and without a break in service, Hulings accepted a lateral transfer to the position of investigator with the Department of Consumer Affairs (DCA). That position is also designated as a peace officer. (Pen. Code, § 830.3, subd. (a).) Hulings's hire was subject to a 12-month probationary period.

In March 2006, DCA served Hulings with notice of rejection on probation. Immediately, Hulings exercised his right of mandatory reinstatement to the position of fraud investigator with DHS. Without a break in service, Hulings resumed his position as a fraud investigator with DHS and began performing the full range of duties.

In June 2006, supervisors at DHS informed Hulings he might have to submit to a full background investigation, including medical and psychological examinations, in order to meet the requirements of the California Commission on Peace Officer Standards and Training (the POST Commission). Later that month, Hulings was told if he did not comply with the requirement of a background investigation, he could be deemed insubordinate and subject to discipline. In July, Hulings was told he needed to complete a personnel history statement by August 1, 2006.

Hulings's representative advised DHS that because Hulings held mandatory reinstatement rights, he could not be required to submit to a background investigation. The letter demanded DHS rescind the order that Hulings complete a personnel history statement. It requested a response by late July or injunctive relief would be sought.

According to Nancy Bennett, a supervisor at DHS, in late July 2006 the POST Commission removed Hulings from the roster of active peace officers. Shortly thereafter, DHS asked Hulings for his weapon and assigned him to desk duty. According to a personnel analyst, Hulings continued as a fraud investigator with all the usual benefit packages and terms of employment of any regular civil service peace officer employee.

In August 2006, Hulings petitioned for a writ of mandate under Code of Civil Procedure section 1085 directing DHS to refrain from requiring Hulings to submit to a background investigation as a condition of continued employment.

The trial court issued an alternative writ directing DHS to reinstate Hulings to his position as a fraud investigator without the condition of a background investigation or to appear and show cause.

Hulings argued that conditioning his reinstatement upon a background investigation would be an end run around the protections afforded permanent employees under *Skelly v. State Personnel Bd.* (1975) 15 Cal.3d 194 [124 Cal.Rptr. 14, 539 P.2d 774].

DHS argued it had restored Hulings to his former position and thus met its ministerial duty under Government Code section 19140.5. Thereafter, DHS had discretion, if not the obligation, to determine Hulings's fitness to perform peace officer duties and to require a background investigation. DHS further argued Hulings had failed to exhaust his administrative remedies.[1]

The trial court granted the writ. DHS appeals.

## DISCUSSION

In reviewing a ruling on a petition for a writ under Code of Civil Procedure section 1085, where the facts are undisputed and the issue is one of law, we are not bound by the trial court's decision, but make our own interpretation. (*Pacific Gas & Electric Co. v. Department of Water Resources* (2003) 112 Cal.App.4th 477, 491 [5 Cal.Rptr.3d 283].) Here, the issue is one of statutory interpretation, specifically the interplay between the mandatory reinstatement provisions of Government Code section 19140.5 and the minimum standard for peace officers in Government Code section 1031, subdivision (d) of good moral character as determined by a thorough background investigation.

■ Two basic requirements are essential to the issuance of a writ of mandate under Code of Civil Procedure section 1085: (1) A clear, present and usually ministerial duty upon the part of the respondent; and (2) a clear, present and beneficial right in the petitioner to the performance of that duty. (*Shamsian v. Department of Conservation* (2006) 136 Cal.App.4th 621, 640 [39 Cal.Rptr.3d 62].) "However, the writ will not lie to control discretion conferred upon a public officer or agency. [Citations.]" (*Ibid.*)

Hulings contends DHS had a ministerial duty under Government Code section 19140.5 to reinstate him to his former position as a DHS fraud investigator without conditions. Government Code section 19140.5 provides: "This section applies only to a permanent employee, or an employee who previously had permanent status and who, since receiving permanent status, has had no break in continuity of state service due to a permanent separation. [¶] An employee who is (a) terminated from a temporary or limited-term appointment by either the employee or the appointing power; or (b) rejected during probation; or (c) demoted from a managerial position pursuant to Section 19590; shall be reinstated to his or her former position provided all of

---

[1] On appeal the parties disagree whether Hulings exhausted his administrative remedies. The issue, however, is not raised on appeal and is therefore deemed waived. (*Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4 [188 Cal.Rptr. 115, 655 P.2d 317].)

the following conditions occur: [¶] (1) The employee accepted the appointment without a break in the continuity of state service. [¶] (2) The reinstatement is requested in the manner provided by board rule within 10 working days after the effective date of the termination."

"The purpose behind the right to mandatory reinstatement is to protect the employee who has already achieved permanent status in the civil service from being terminated from state service based on the employee's inability to perform adequately in a new job after transfer or promotion. The fact that the new position is not a good match for an employee who has had success in a prior position does not justify separation from all of state service, especially where the rejection during probation is due to performance problems." (*In re Poggione* (1995) State Personnel Bd. Precedential Dec. No. 95-12, pp. 11–12.)

■ As noted, a fraud investigator for DHS is designated a peace officer. (Pen. Code, § 830.3, subd. (h).) Government Code section 1031 sets forth certain minimum standards for each class of employees declared by law to be peace officers. Among these minimum standards is: "Be of good moral character, as determined by a thorough background investigation." (Gov. Code, § 1031, subd. (d).)

DHS contends it complied with its ministerial duty to reinstate Hulings because, from March until August 2006, Hulings was a DHS fraud investigator with peace officer powers. DHS contends "[t]here is simply no nexus between Hulings's status as an employee and the DHS's order that he complete the background investigation."[2] The trial court found this argument "specious." We agree. Shortly after being reinstated Hulings was told he had to submit to a background investigation or face discipline. The only reasonable interpretation of this action is that his reinstatement was conditioned upon submission to the background investigation.

DHS contends that while it was required to reinstate Hulings, it was not required to assign him the same duties as he had before. DHS contends that requiring assignment of the same duties would impermissibly interfere with DHS's discretion to assign duties.

---

[2] DHS does not explain on what basis, other than his reinstatement, Hulings was ordered to complete a background investigation. Janice Bullard, a POST Commission employee, declared the commission applies the minimum standards, including the background investigation requirement, to peace officers reinstating to a former position following rejection on probation. Following a routine audit of DHS's compliance, she determined a DHS peace officer investigator had returned to DHS without completing the background investigation. When contacted about Hulings's situation, she advised DHS he was required to complete the background investigation.

■ Government Code section 19140.5 requires reinstatement to the employee's "former position." A "former position" is "[a] position in the classification to which an employee was last appointed as a probationer, permanent employee, or career executive . . . ." (Gov. Code, § 18522, subd. (a).) It can also mean a position in a different classification where the employee and the appointing power agree. (Gov. Code, § 18522, subd. (b).) A "class" is defined as "a group of positions sufficiently similar with respect to duties and responsibilities that the same title may reasonably and fairly be used to designate each position allocated to the class and that substantially the same tests of fitness may be used and that substantially the same minimum qualifications may be required and that the same schedule of compensation may be made to apply with equity." (Gov. Code, § 18523.) Thus, unless DHS and Hulings agree to a position in a different class, upon reinstatement Hulings must be placed in a position with substantially the same duties, tests of fitness, minimum qualifications, and schedule of compensation as he held before.

In arguing that Hulings need not be restored to all his former duties, DHS relies on two cases. In *Stephens v. County of Tulare* (2006) 38 Cal.4th 793 [43 Cal.Rptr.3d 302, 134 P.3d 288], the Supreme Court held an employee placed on sick leave was not dismissed under Government Code section 31725 and thus eligible for reinstatement with backpay. In *Hanna v. Los Angeles County Sheriff's Dept.* (2002) 102 Cal.App.4th 887 [125 Cal.Rptr.2d 686], the court held the sheriff's department had a mandatory duty to reinstate the employee as a deputy sheriff under Government Code section 31725, but it could restrict her duties and refuse to allow her to perform some duties of a deputy sheriff.

■ It is unclear precisely what DHS is arguing. Hulings was told he must submit to a background investigation or face discipline, which presumably could include demotion or termination. DHS now suggests that without submitting to the background investigation, Hulings could remain a fraud investigator without peace officer powers. To the extent DHS implies there are two different sets of qualifications for DHS fraud investigators in the same class—those who meet POST Commission qualifications for peace officers and those who do not—DHS is mistaken. Where some but not all positions in a single civil service class exercise peace officer powers, each person in such class must meet the minimum standards set forth in Government Code section 1031. (38 Ops.Cal.Atty.Gen. 88, 92 (1961).) Hulings must be reinstated to the same class and thus be able to exercise peace officer powers. We express no opinion as to what specific duties Hulings may be assigned within his class as a DHS fraud investigator. (See Gov. Code, § 19818.8, subd. (a).)

DHS contends it may require an employee to undergo a background investigation, pursuant to Government Code section 1031, at any time. DHS contends the trial court erred in interpreting section 1031 to permit a background investigation only for applicants who are not currently peace officers.

█ Government Code section 1031 does not specify when the background investigation is to occur. It provides each class of public employees declared by law to be peace officers shall "[b]e of good moral character, as determined by a thorough background investigation." (Gov. Code, § 1031, subd. (d).) In determining when background investigations could occur, the trial court relied upon Government Code section 1031.1, a statute enacted 30 years after section 1031. (Stats. 1993, ch. 135, § 3, p. 1366.) Government Code section 1031.1 begins, "For purposes of performing a thorough background investigation for applicants not currently employed as a peace officer, as required by subdivision (d) of Section 1031, an employer shall disclose employment information relating to a current or former employee, upon request of a law enforcement agency, if all of the following conditions are met . . . ." We agree with DHS that the phrase "as required by . . . Section 1031" modifies only "background investigation" and such investigations are not limited to applicants who are not currently peace officers. We conclude, however, that existing authority limits such investigations to applicants, and a background check cannot be triggered solely by a mandatory reinstatement.

The administrative materials governing background investigations indicate the investigations are part of the selection process. The regulations for minimum standards for peace officer employment state: "Every peace officer employed by a department shall be selected in conformance with the following requirements as determined by a thorough background investigation." (Cal. Code Regs., tit. 11, § 1002, subd. (a).) The POST Administrative Manual provides the procedure for the background investigation "shall be followed in the pre-employment investigation of each peace officer and/or public safety dispatcher candidate and shall be completed on or before the appointment date."

█ In *County of Riverside v. Superior Court* (2002) 27 Cal.4th 793 [118 Cal.Rptr.2d 167, 42 P.3d 1034] (*County of Riverside*), the California Supreme Court discussed Government Code section 1031, subdivision (d). "This statute reflects the public's interest in high quality law enforcement personnel. The law contemplates that new applicants be subject to the background investigation before they are hired . . . ." (27 Cal.4th at p. 798.) The court noted the provisions of Government Code section 1031.1 applied only to " 'applicants not currently employed as a peace officer,' " "but the parties agree that similar background investigations are routinely done for existing

peace officers who are seeking transfer from one law enforcement agency to another or to a new position within the same agency." (27 Cal.4th at p. 799.)

In *County of Riverside,* a city disbanded its police department and the county hired, on a probationary status, nearly all of the city's police officers. One of these officers had complaints in his employment file alleging he had engaged in illegal conduct on duty. The county dismissed the officer while on probation. The officer sought review of the documents in the background investigation. The Supreme Court held these documents were subject to the Public Safety Officers Procedural Bill of Rights Act (Gov. Code, § 3300 et seq.), but that the officer had waived these rights prior to his employment with the county. (*County of Riverside, supra,* 27 Cal.4th at pp. 801–807.)

 Based on *County of Riverside's* discussion of the background investigation, this court noted the timing of the investigation of the minimum qualifications for a peace officer in *Pitts v. City of Sacramento* (2006) 138 Cal.App.4th 853 [41 Cal.Rptr.3d 838]. "A public agency must enforce the criteria for peace officers in Government Code section 1031 at the time of hire, prior to transfer between agencies, and also possibly when an employee changes positions within the same agency. [Citation.]" (*Id.* at p. 856, fn. 4.) We note that Hulings underwent a background investigation when he transferred from DHS to DCA although he was currently a peace officer.

Although the background investigations are not limited to applicants who are not currently peace officers, DHS provides no authority that the employer may require a background investigation of a peace officer who is not changing positions. That is the situation of Hulings, as he was being reinstated to his former position pursuant to the mandate of Government Code section 19140.5. In any event, mandatory reinstatement alone cannot trigger the requirement of a background investigation.

 DHS contends an employer must have the power to determine if an employee retains the qualifications for continued employment and this power necessarily includes the ability to investigate the employee's background. DHS relies on Government Code section 19585, which permits an appointing power to terminate, demote or transfer an employee who fails to meet the requirements for continuing employment. "For the purposes of this section, requirements for continuing employment shall be limited to the acquisition or retention of specified licenses, certificates, registrations, or other professional qualifications, education, or eligibility for continuing employment or advancement to the fully qualified level within a particular class series." (Gov. Code, § 19585, subd. (d).) Thus, this section could apply to an employee in a peace officer position who lost his POST Commission certification.

 Apparently, the POST Commission takes the position that a reinstated employee cannot retain his POST Commission certification without a new background investigation upon reinstatement. No authority, however, is cited for this proposition and it is contrary to the dictates of Government Code section 19140.5, requiring mandatory reinstatement. As the trial court observed, just because requiring a new background investigation is the POST Commission's practice, does not mean it is a lawful practice. Government Code section 19585 explicitly applies to an employee seeking reinstatement under Government Code section 19140, the discretionary reinstatement provision. The employee must regain the requirements for continuing employment before being reinstated. (Gov. Code, § 19585, subd. (g).) Government Code section 19585 makes no reference to section 19140.5 mandatory reinstatement. This absence indicates an employee reinstated under the mandatory provision is to be treated like any other current employee; he can be terminated, demoted or transferred for failure to meet the requirements for continuing employment. (Gov. Code, § 19585, subd. (b).) The only reason cited here for the loss of Hulings's POST Commission certification was his reinstatement. Because reinstatement was mandatory, it cannot be the sole cause of the loss of requirements for continuing employment.

DHS, or any appointing power, still retains authority to assure its employees are fit for their positions.[3] Under Government Code section 19253.5, the appointing power may require an employee to submit to a medical examination to evaluate his capacity to perform the work of his position. Government Code section 19572 provides 24 grounds for discipline. Further, complaints against a peace officer may be investigated pursuant to Penal Code section 832.5.

 Government Code section 19140.5 requires that a permanent civil service employee who is rejected during probation for a new position be reinstated to his former position. Nothing in the statutory scheme permits DHS to condition continued employment after reinstatement upon a new background investigation under Government Code section 1031. The trial court was correct in granting the writ.

---

[3] This court recently held the standards set forth in Government Code section 1031 must be maintained throughout a peace officer's career. (*Sager v. County of Yuba* (2007) 156 Cal.App.4th 1049 [68 Cal.Rptr.3d 1].)

## DISPOSITION

The judgment is affirmed.

Blease, Acting P. J., and Cantil-Sakauye, J., concurred.

A petition for a rehearing was denied February 25, 2008, and appellant's petition for review by the Supreme Court was denied April 23, 2008, S161833. George, C. J., did not participate therein.